# In the United States Court of Federal Claims

| | |
|---|---|
| DALE A. EWERS,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 23-cv-1710<br><br>Filed: January 10, 2024 |

*Dale A. Ewers*, Miami, Florida, Plaintiff, appearing *pro se*.

*Galina I. Fomenkova*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

## MEMORANDUM AND ORDER

Plaintiff Dale A. Ewers, appearing *pro se*, seeks payment of $7 million for the alleged willful or negligent violation of international agreements, Article IV of the United States Constitution as it relates to extradition, the Eighth Amendment to the United States Constitution as it relates to cruel and unusual punishment, and the Sixth and Fourteenth Amendments to the United States Constitution as they relate to the right to a speedy trial and due process. Complaint (ECF No. 1) (Compl.) ¶¶ 9, 11, 12, 14. Pending before the Court is Defendant United States' Motion to Dismiss (ECF No. 6) (Mot.).[1] Defendant contends that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

## BACKGROUND

Plaintiff is currently incarcerated at Metro West Detention Center in Miami, Florida. Compl. at 1, 7, 8. He filed his Complaint on October 2, 2023, claiming multiple violations of international agreements and the United States Constitution. See id. ¶¶ 1, 9, 11, 12. He also requests appointment of counsel as an indigent foreign national plaintiff. Id. ¶ 10.

First, Plaintiff alleges "violations of diplomatic notes and conditions." Id. ¶ 9.a. He correspondingly alleges violations of "'Treaty' or 'Compact' or 'Executive Agreement' between [the Jamaican] Embassy ambassadors [and] general counsels and U.S. Embassy ambassadors [and] general counsels and adjunct U.S. Marshalls [sic] services." Id. ¶ 12.

Next, Plaintiff alleges violation of Constitutional amendments in relation to those diplomatic violations and his detention. He alleges "violation of [the] 8th amend[ment] to [the] U.S. Const[itution] [for] cruel [and] unusual [and] ongoing punishment and torture conditions." Id. ¶ 9.a. In his request for production of diplomatic notes, he cites the "6th & 14th Amendment[] to be outlined." Id. ¶ 9.c.

Plaintiff also alleges that he has been:

Incarcerated illegally due to the negliance [sic], diliberate [sic] indifference, willful non-adherence to agreed upon diplomatic notes and conditions between both countries/embassies of United States of America and Jamaica West Indies adjunct the Embassy of U.K. England – Britan [sic] final – total – adjunct jurisdictions for any commonwealth country nation.

Id. ¶ 11. He then goes on to allege numerous "renditions violations" of the extradition clause of Article IV, Section 2 of the U.S. Constitution. Id.

Finally, Plaintiff requests production of numerically identified diplomatic notes. See id. ¶¶ 7, 9.b., 14. Plaintiff requests appointment of pro bono counsel. Id. ¶ 10. Plaintiff finally requests payment of $7 million in compensation for his "torturous," "physical and psychological injuries." Id. ¶ 14.

2

Defendant moves the Court to dismiss this action pursuant to Rule 12(b)(1) for lack of jurisdiction. Mot. at 2–5. Defendant also contends that the Court should not assign pro bono counsel because Plaintiff has no likelihood of success on the merits. *Id.* at 5. Finally, Defendant argues transfer to another court is not warranted here because Plaintiff's complaint lacks merit. *Id.* at 6.

## **APPLICABLE LEGAL STANDARD**

The Tucker Act provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2024). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States" but does not create a right to relief itself. *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983). Instead, to establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained." *Testan*, 424 U.S. at 400 (internal quotations omitted) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all uncontroverted facts as true and construes the facts in the light most favorable to the non-moving party. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v.*

*B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002).  A *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).  This does not, however, excuse Plaintiff's burden to establish the Court's jurisdiction by a preponderance of the evidence.  *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019).  *Pro se* plaintiffs must still demonstrate, as a threshold matter, that the Court has jurisdiction to consider the case.  *See De Maio v. United States*, 93 Fed. Cl. 205, 209 (2010) (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that *pro se* litigants are not exempt from meeting this Court's jurisdictional requirement)); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

**DISCUSSION**

**I.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.**

   **A.     The Court lacks jurisdiction over unspecified international agreements that are not money-mandating.**

First, Plaintiff alleges violation of diplomatic notes and treaties, compacts, or executive agreements between the United States and Jamaica.  See Compl. ¶¶ 9.a., 12.  This Court lacks jurisdiction over violations of international treaties.  *See* 28 U.S.C. § 1502 (1992) ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."); *see also Hughes Aircraft Co. v United States*, 534 F.2d 889, 903 (Ct. Cl. 1976) ("The jurisdictional prohibition applies only to those cases where 'the right itself, which the petition makes to be the foundation of the claim, . . . (has) its origin—derive(s) its

4

life and existence—from some treaty stipulation.'"); *Greene v. United States*, No. 22-1064 & 22-1185, 2023 WL 3072565, at *2 (Fed. Cl. Apr. 25, 2023) ("[T]he Court generally lacks jurisdiction over claims dependent upon a treaty with foreign nations . . . ."). Even assuming a cited treaty is relevant, a plaintiff must establish jurisdiction by showing how a treaty "is a money-mandating source or indicating how he is within the class of plaintiffs that could recover under the act." *Donnelly v. United States*, No. 2023-1651, 2023 WL 6889032, at *3 n.3 (Fed. Cir. Oct. 19, 2023).

Here, Plaintiff makes no reference to any specific treaty. Based solely on Plaintiff's statements, the Court construes any referenced treaty, compact, or agreement to be one between the United States and a foreign nation (Jamaica), over which it cannot exercise jurisdiction. *See* Compl. ¶¶ 10–12. Further, Plaintiff does not demonstrate how such referenced agreements are money-mandating. *See Mitchell*, 463 U.S. at 216 (requiring a separate money-mandating provision to invoke Tucker Act jurisdiction); *Testan*, 424 U.S. at 400 (requiring that the cited provision mandates compensation); *see also Donnelly*, 2023 WL 6889032, at *3 n.3 (failing to demonstrate how the cited treaty was a money-mandating source). Accordingly, the Court lacks jurisdiction over any claims arising out of these unspecified international agreements.

> **B.  The Court lacks jurisdiction over Plaintiff's alleged Constitutional violations because the cited provisions are not money-mandating.**

Next, Plaintiff claims he has suffered cruel and unusual punishment in violation of the Eighth Amendment. Compl. ¶ 9.a. The Court lacks jurisdiction to adjudicate such a claim because such a claim is not money-mandating. Indeed, it is well-established that the Eighth Amendment does not permit recovery of money damages. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (internal citations omitted) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'").

5

Plaintiff's Complaint also briefly references the Sixth and Fourteenth Amendments. Compl. ¶ 9.c. This Court construes any alleged violation as that of a defendant's right to a speedy trial under the Sixth Amendment, and the Due Process clause of the Fourteenth Amendment. *See* U.S. CONST. amend. VI; U.S. CONST. amend. XIV, § 1. Regarding the Sixth Amendment, Plaintiff provided no explanation of the allegation, and this Court construes the statement in the light most favorable to Plaintiff as a claim that "the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend VI.[2] Regarding the Fourteenth Amendment, because no other Section is relevant to Plaintiff's case, and as Plaintiff claims "illegal incarceration," this Court construes the statement as a claim that he has been "deprive[d] . . . of . . . liberty . . . without due process or law." U.S. CONST. amend. XIV, § 1. It is well-established that neither the Sixth nor Fourteenth Amendment are money-mandating. *See Alston-Bullock v. United States*, 122 Fed. Cl. 38, 44 (2015) (citing *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981)) ("The Sixth Amendment is not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). This Court therefore lacks jurisdiction over any Sixth or Fourteenth Amendment claims that Plaintiff intended to lodge.

Finally, Plaintiff claims "renditions violations" of the Extradition clause of Article IV of the Constitution. Compl. ¶ 11. The Extradition clause states, in relevant part, "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in

---

[2] In a later filing, Plaintiff stated, "Please note 8th Judge assgn [sic] & esp. time incarsarated [sic] in violations of my diplomatic notes & conditions." Notice to Court (ECF No. 13) at 25. He also appended the significant docket history of his criminal trial, noting on the first page the eight different judges assigned and questioning "Why?" *Id.* at 26.

6

another State, shall . . . be delivered up, to be removed to the State having Jurisdiction of the Crime." U.S. CONST. art. IV, § 2, cl. 2.  There is no authority mandating monetary compensation for such a violation, and this Court finds that the clause, by its plain language, is not money-mandating.  *Compare id.* ("A Person . . . shall . . . be delivered up, to be removed to the State having Jurisdiction of the Crime."), *with* U.S. CONST. amend. V ("[N]or shall private property be taken for public use, without just compensation."), *and* U.S. CONST. art. III, § 1 ("The Judges . . . shall . . . receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.").  *See also Starr Int'l Co. v. United States*, 856 F.3d 953, 986 (Fed Cir. 2017) (Wallach, Circuit Judge, concurring) (citing *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008)) ("Because the Takings Clause inherently is money-mandating . . . , [plaintiff] was not required to allege a separate money-mandating source of law."); *Beer v. United States*, 696 F.3d 1174, 1176, 1187 (Fed. Cir. 2012) (reversing dismissal of a claim brought before the Court of Federal Claims based on the Compensation Clause of Article III).  To that end, other Article IV clauses, even one in Section 2, are also not money-mandating.  *See May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) (finding that the Privileges and Immunities clause "do[es] not mandate the payment of money by the government for violations"); *Radogna v. United States*, No. 2022-1811, 2022 WL 4955322, at *2 (Fed. Cir. Oct. 4, 2022) (explaining that the Privileges and Immunities clause is "not [a] source[] of substantive law that create[s] the right to money damages"); *see also Myles v. United States*, 152 Fed. Cl. 448, 453 (2021) (explaining that the Full Faith and Credit clause of Section 1 of Article IV "is not money-mandating so as to establish Tucker Act jurisdiction").  The Extradition clause similarly contains no mandate for monetary compensation.  *See Testan*, 424 U.S. at 400.  This Court therefore lacks jurisdiction over Plaintiff's extradition claim.

## C. This Court lacks jurisdiction over Plaintiff's claims sounding in tort.

Plaintiff's Complaint also vaguely references a potential tort claim via an allegation of illegal incarceration due to "negligence." Compl. ¶ 11. It is axiomatic that this Court lacks jurisdiction over tort claims, as expressly stated by the Tucker Act. *See* 28 U.S.C. § 1491(a); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) (emphasis in original) ("It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction . . . in cases *not* sounding in tort.'"). Accordingly, as this Court cannot hear claims arising from alleged tortious behavior, including negligence, this Court lacks jurisdiction over any claim of purported negligence.

## II. Plaintiff Is Not Entitled to Appointment of Counsel.

This Court has authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (1996); *see also* 28 U.S.C. § 2503(d) (1992) ("For the purpose of construing section[] . . . 1915 . . . of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States."). Such appointment is in the Court's discretion, when it would be "worthwhile," meaning where the issues are particularly complex and a "'compelling and meritorious' basis for recovery" exists. *Lane v. United States*, 208 Ct. Cl. 955, 956 (1975) (denying appointment of counsel because the claim was barred by the statute of limitations); *see Young v. Merit Sys. Protection Bd.*, 961 F.3d 1323, 1330 n.2 (Fed. Cir. 2020) ("[T]he issues in this case are not so complex that we regard it as worth-while to invite pro bono counsel to represent [plaintiff]."); *Martin v. United States*, 31 Fed. Cl. 756, 757 (1994) ("A facial examination of defendant's opposition shows that plaintiff likely will not be entitled to recover

back pay. Without this recovery plaintiff's other prayers for relief will fail for lack of jurisdiction. The court therefore is not persuaded that there is a compelling and meritorious basis for recovery.").

Appointment of counsel is not appropriate here because Plaintiff has no meritorious basis for recovery. As demonstrated, this Court lacks jurisdiction over any of Plaintiff's claims. Assistance of counsel cannot remedy the jurisdictional deficiencies of the Complaint. Accordingly, the Court denies Plaintiff's request for appointment of counsel.

### III. Transfer of This Case to Another Court Is Not Appropriate.

The Court may transfer an action where it lacks jurisdiction, the transfer is in the interest of justice, and the transferee court is one in which the action could have been brought at the time the action was filed. *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed. Cir. 1988). Transfer is in the discretion of the transferor court. *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (citing *Williams Int'l Corp. v. United States*, 7 Cl. Ct. 726, 731 (1985)). The deciding court may decline to transfer if transfer would "be futile given the weakness of plaintiff's case on the merits." *Id.* (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390–91 (1997)).

It is not in the interest of justice to transfer a frivolous claim to another court. *Washington v. Rehnquist*, 146 F. App'x 483, 484 (Fed. Cir. 2005); *see Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quoting *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.").

Though Plaintiff did not respond to Defendant's motion to dismiss and has not requested transfer, this Court nevertheless evaluates whether transfer would be appropriate here, as Plaintiff

is acting in a *pro se* capacity. Aside from the Complaint's jurisdictional defects, it is evident that the Complaint fails to establish a plausible claim for relief and as such, transfer is not warranted. Plaintiff's Complaint provided no facts in support of his allegations, and instead lodged conclusory statements regarding the alleged violations. *See Khan v. United States*, 759 F. App'x 952, 955 (Fed. Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556, 570 (2007)). To the extent this Court construes Plaintiff's recently-filed Notices to the Court as responses to Defendant's Motion to Dismiss, those documents still do not provide any factual allegations to support his claims, nor do they amend the deficient pleading.[3] *See* ECF Nos. 12–14; *see also Kortlander v. United States*, 107 Fed. Cl. 357, 374 (2012) (quoting *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 166–67 (2009) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985))) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'"). Accordingly, it is inappropriate for the Court to transfer this action.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3), and Plaintiff's Complaint (ECF No. 1) is accordingly **DISMISSED** without leave to replead. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis*

---

[3] Plaintiff claims he had no access to a law library or computer for legal correspondence. Notice to Court (ECF No. 13) at 4. He further claims that he is "suffering near death" in illegal detention due to colon cancer surgeries and blindness, conditions he claims did not exist prior to detention and were the result of Defendant's negligence. *Id.* at 6–7. Finally, he makes vague references to the progression of his criminal case, providing the case docket information and challenging the multiple judges assigned. *Id.* at 25–38. None of these allegations are money-mandating, and further, as noted above, this Court lacks jurisdiction over tort claims. *See supra* Section I.B., C.

status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

January 10, 2024
Washington, D.C.

11